UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:22-CR-00063-JMS-MG |
| | ) | |
| QUINTEZ TUCKER, | ) | |
| | ) | |
| Defendant. | ) | |

## **GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Jeremy C. Fugate and Peter A. Blackett, Assistant United States Attorneys, hereby submit this Sentencing Memorandum in advance of the hearing presently scheduled for September 10, 2024. For the reasons stated in this Memorandum, the United States respectfully requests that the Court sentence TUCKER to a term of imprisonment of 420 months.[1]



Exhibit 1

---

[1] Exhibit 1 is a picture from the T-Mobile robbery, which occurred on November 29, 2021.

## I. THE DEFENDANT'S CRIMINAL CONDUCT

On November 8, 2021, Quintez Tucker and D'Maurah Bryant robbed a Verizon store at gunpoint. (PSR ¶ 20).







On November 16, 2021, Quintez Tucker and D'Maurah Bryant robbed a AT&T store at gunpoint. (PSR ¶ 22).



Exhibit 5

On November 23, 2021, Quintez Tucker and D'Maurah Bryant robbed a Verizon store at gunpoint. (PSR ¶ 23).





On November 26, 2021, Quintez Tucker and D'Maurah Bryant robbed a T-Mobile store at gunpoint. (PSR ¶ 24).







On November 29, 2021, Quintez Tucker and D'Maurah Bryant robbed a T-Mobile store at gunpoint. (PSR ¶ 25).



Exhibit 11



Exhibit 12



Exhibit 13

On December 1, 2021, Quintez Tucker and another individual robbed a T-Mobile store at gunpoint. (PSR ¶ 26).



Exhibit 14

On December 1, 2021, Quintez Tucker and another individual robbed a second T-Mobile store at gunpoint. (PSR¶ 27).




On December 3, 2021, Quintez Tucker and another individual robbed a AT&T store at gunpoint. (PSR¶ 28).



Exhibit 17



Exhibit 18

## II.    18 U.S.C. § 3553(a) Factors

The § 3553(a) factors support a sentence of 420 months. Such a sentence is sufficient but not greater than necessary to meet the goals of sentencing.

a. <u>Nature and Circumstances of the Offense</u>

This case involves multiple armed robberies in the Indianapolis area, as described above. During the robberies, threats were made, firearms were brandished, employees became victims, and lives were changed forever. Men, women, and children were not safe during this armed robbery spree.

Armed robbery is a violent and dangerous crime. It forever changes the lives of the victims who experience the fear, anguish, and violence associated with being robbed while trying to earn a living. However, the impact does not end here in this case. This case created dozens of victims. Lives were impacted forever and core memories were made for victims of all ages. These defendants pointed an AR-15 style rife at children, families, and at people just trying to make a purchase. This spree of terror reverberated throughout the community.

This case was extremely violent and had a tremendous impact on the victim' lives and will continue to impact their lives going forward. While the victims may be physically fine, the defendant's armed and violent acts took away their peace of mind and their ability to feel safe in the workplace and throughout the community. Given the nature of the defendants actions, we are fortunate that the victims are still alive in this case.

Thus, given the violent nature of the offense and the harm caused to the victims in this case, a sentence of 420 months is necessary to account for the serious nature and circumstances of the offense.

   b.  <u>History and Characteristics of the Defendant</u>

This defendant does not have a criminal history. However, his conduct in this case establishes a blatant disregard for the law during this extended violent armed robbery spree. Here, the defendant was involved in multiple armed robberies over a month-long period. (PSR ¶ 20-28). During the robberies, the defendant threated to harm victims, pointed firearms at victims, and changed lives forever. More concerning, this happened on eight separate occasions during the holiday season between November and December 2021. This defendant didn't just rob stores, he robbed victims of their ability to feel safe and secure while they worked to support themselves and shop with their families.

The defendant's history demonstrates a total lack of respect for the law, the community, and public safety. Thus, a sentence of 420 months is necessary and would sufficiently account for the defendant's history and total lack of regard for the law.

   c.  <u>Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment</u>

As discussed above, this is a serious offense. The danger and harm created by a robber with a firearm in the Southern District of Indiana is well-known. The sentence here carries with it a statutory maximum penalty of life imprisonment, which shows Congress' concern for this type of offense.

The need to promote respect for the law is important. The defendant's conduct illustrates a repeated disregard for the law. This defendant didn't stop at one robbery. He didn't stop at two robberies. This defendant's reign of terror lasted eight robberies over a one-month span. This reign of terror only ended because the defendant was caught. These offenses were serious and very dangerous. Because of the serious nature and danger associated with this type of offense, a sentence of 420 months is necessary to provide just punishment.

d. <u>The Need for Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant</u>

The defendant has inflicted trauma and turned multiple hard-working employees and members of the community into victims. This history of violence and terror displays a disregard for the law, establishes that he is a danger to the public, and shows that incarceration is necessary to protect the public.

A sentence of 420 months is necessary to keep the public safe from the defendant and to adequately deter him and other individuals who want to use firearms to terrorize the community from doing so in the future.

e. <u>The Need to Provide the Defendant with Needed Training, Care, or Other Correctional Treatment</u>

The defendant's history shows a need for both treatment and training. A sentence of 420 months would allow the defendant to obtain vocational training, which would help him obtain gainful employment upon his release. Additionally, anger management and mental health treatment would be beneficial, and the proposed sentence of 420 months would allow the defendant time to address these concerns while obtaining treatment and training.

f. <u>The Need to Avoid Unwarranted Sentencing Disparities</u>

A sentence of 420 months is necessary to avoid unwarranted sentencing disparities. This defendant has terrorized the community and committed multiple armed robberies. His history of violence is short, but it is very serious and concerning. The spree of violence that this defendant committed and the impact it had on the victims is well documented and has been adequately reflected in the PSR, which was used to calculate the guideline range. Thus, a within-guideline sentence of 420 months is necessary to deter the defendant from committing crimes in the future and ensure that an unwarranted sentencing disparity does not occur.

### III.    CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court sentence

the defendant to a within-guideline sentence of 420 months imprisonment.

Respectfully Submitted,

Zachary A. Myers
United States Attorney

By:  /s/ Jeremy C. Fugate
Jeremy C. Fugate
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024**,** the foregoing Government's Sentencing Memorandum was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


By:    s/ Jeremy C. Fugate
      Jeremy C. Fugate
      Assistant United States Attorney